# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CATALYST FITNESS MIDTOWN, INC. | ) | |
| and WILLIAM SONNEMAKER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

NOW COME Plaintiffs Catalyst Fitness Midtown, Inc. ("Catalyst Fitness") and William Sonnemaker (hereinafter collectively, "Plaintiffs") and state their Complaint against the City of Atlanta (the "City" or "Defendant") as follows:

### BRIEF INTRODUCTION

#### 1.

This is a civil rights action challenging the Constitutionality of City of Atlanta Ordinance § 30-841 ("the Ordinance"), which purports to regulate gymnasiums, health clubs, aerobics clubs or slimnastics clubs, without defining such terms. The lack of such definitions has led to the arbitrary enforcement, where certain trainers and/or facilities (e.g., yoga studios, barre classes, mixed martial art training and facilities, cross-fit training and facilities, health and wellness consulting, and personal training and facilities, etc.) are inconsistently

regulated during an *ad hoc* determination by City inspectors.  Plaintiffs provide personal training and small-group training and consulting, as well as education, speaking, and product development. Although Plaintiffs detailed such activities in their business tax application and have been operating within the City of Atlanta since 2010 without issue, City inspectors recently decided that Catalyst constitutes a gymnasium and should be regulated as such. Plaintiffs bring this suit alleging that the Ordinance and its enforcement (e.g, a license application that requires fingerprints, bank statements, a GBI background check, passport photographs, excessive fees, etc.) are unconstitutionally overbroad, impermissibly vague, and improperly delegate discretion to the City's agents in violation of the due process protection of the United States Constitution and Georgia Constitution.

<u>PARTIES, JURISDICTION, AND VENUE</u>

2.

Plaintiff Sonnemaker is a resident and citizen of Georgia.  Plaintiff Catalyst Fitness is a duly formed Georgia corporation.

3.

Defendant City of Atlanta ("City of Atlanta") is a municipal corporation which is subject to the jurisdiction of this court and may be served by serving the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to

receive service of process.

4.

Jurisdiction and venue are proper in this Court.

STATEMENT OF FACTS

BACKGROUND

5.

Mr. Sonnemaker is a personal trainer and fitness consultant.   Mr. Sonnemaker, along with his wife Valorie Sonnemaker, own and operate Catalyst Fitness, which has been in operation for over 11 years.

6.

Both Mr. and Mrs. Sonnemaker speak and teach at conferences, clinics, workshops, and mentorships, around the world, and their content and contributions to the health industry can be found on all six inhabited continents.

7.

The Plaintiffs are widely renowned and hold numerous awards, recognized as an authority on health and fitness in the world.

8.

Plaintiffs provide individualized 1-on-1 personal training or small group (i.e., 6 or fewer individuals) training sessions and consultations.

9.

Catalyst Fitness relocated to the City of Atlanta from its prior location outside of the City in early 2010, and it duly submitted a business tax application detailing the fact that it constitutes a "personal training facility and consulting facility."   A true and correct copy of said application is attached as **Exhibit "A"**.

10.

Catalyst Fitness' facility is approximately 3,900 sq ft, which includes approximately 2,400 sq ft of usable space.  The rest of the space is devoted to offices, used primarily during consulting, as well as a two single unisex bathrooms.

11.

Catalyst Fitness does not have any free-use equipment, as one conventionally envisions within a gymnasium.  There are no leg extension machines, shoulder press machines, or other equipment one would expect to find in a gymnasium such as a "Gold's Gym".

12.

Unlike a gym, Catalyst Fitness' customers cannot simply visit the premises and exercise or use any equipment at will.

13.

Catalyst Fitness does not include a large room used for various indoor sports (as basketball or boxing), and does not contain space and equipment for indoor

sports activities, have a pool, childcare, or have any spectator accommodations or lockers, for instance.

14.

Many of Catalyst Fitness' patrons have separate memberships to gymnasiums and health clubs.

ENCOUNTER WITH THE CITY'S INSPECTOR

15.

On or about March 2015, the City's inspector visited Plaintiff's fitness facilities.

16.

During the encounter, the City's inspector claimed Catalyst Fitness constituted a gymnasium, and  issued a citation against its owner, Valorie Sonnemaker, claiming Ms. Sonnemaker operated "Catalyst Fitness Midtown, Inc., without a gym/health license in violation of 30-841."   A true and correct copy of the citation is attached as **Exhibit "B"**.

17.

When questioned, the inspector was unable to articulate any basis for his determination that Catalyst Fitness constitutes a gym or point to any objective criterion for what constitutes a gym.

18.

The inspector did, however, admit that he does not believe a yoga studio constitutes a gymnasium or healthclub, or otherwise requires a license.

19.

When asked whether a pilates facility constitutes a gym, the inspector responded that it depends on how much equipment they have, and he would have to determine that on a case by case basis.

20.

When asked who or what decides what constitutes a gymnasium or healthclub, the City's inspector replied "I do."

21.

The City initially expressed interest in modifying the Ordinance to eliminate its ambiguity, and a meeting occurred with the Plaintiff and Defendants' agents, as well as City council member Howard Shook to rectify the Ordinance.  Ultimately, nothing transpired.

22.

The Ordinance violation against Mrs. Sonnemaker is currently pending.

ORDINANCE

23.

The Ordinance at issue is found within Article XIV of the City of Atlanta's

ordinances (the "Article"), titled "Gymnasiums, Health Clubs, and Weight Reducing or Body Building Institutions." The Ordinance itself constitutes the only section within the aforementioned Article, and fails to mention "Weight Reducing" or "Body Building Institutions".

24.

The entirety of the Article and Ordinance is as follows:

ARTICLE XIV. - GYMNASIUMS, HEALTH CLUBS AND WEIGHT REDUCING OR BODY BUILDING INSTITUTIONS

Sec. 30-841. - Business license required

Every gymnasium, health club, aerobics club or slimnastics club owner/operator must first obtain a license before transacting new business or continuing to transact ongoing business.

Upon completion of the application, the licenses & permits unit shall assign a hearing date before the license review board. At the hearing, the applicant and the licenses and permits unit shall present all evidence regarding the application to the license review board. The license review board shall conduct the hearing and report its conclusions and recommendations to the mayor. The mayor, upon receiving the recommendation of the license review board, may, within 60 calendar days of receipt of said recommendation, deny or grant an application for a new license. In addition, within said 60-day period, if the mayor determines there is a need to correct a clear error or prevent a manifest injustice, the mayor may remand the application or matter back to the license review board for further hearing. If the mayor fails to take action within the 60-day period, the recommendation of the license review board shall become the final decision of the mayor.

Annual/renewal fees for a license under this subsection are $500.00. In no event shall an owner/operator of a gymnasium, health club, aerobics club or slimnastics club be required to pay for more than one license under this subsection. In the event that a single owner/operator has more than one

type of activity within a single business, that owner/operator shall obtain the more inclusive license of either a gymnasium or health club.

## 25.

No where in the City of Atlanta's ordinances are the words "gymnasium," "health club," "aerobics club" or "slimnastics club" defined.

## 26.

Additionally, nowhere within the Ordinance or within the City of Atlanta's ordinances are the requirements of the application defined or specified.  Likewise, aside from paying a fee, the Ordinance is further silent is about the criteria required to obtain a license for a "gymnasium," "health club," "aerobics club" or "slimnastics club".

## 27.

The application promulgated and required for a gym license requires, *intera alia*, the fingerprints of each individual involved in the ownership or first five (5) officers of a corporation, passport photographs, 3 letters of reference, consent to a Georgia Bureau of Investigation background check, all financial investments pertaining to the business operation (and "[i]f [sic] documents are bank statements, the six months immediately preceding the investment are required"), and a highly invasive and onerous questionnaire sheet.

## 28.

A true and correct copy of the aforementioned application required for a

"gymnasium/health establishment" license   (hereinafter the "Application") is attached as **Exhibit "C"**.

29.

Although the Ordinance only mentions a $500 annual/renewal fee for the license, the Application charges the $500 fee, plus a $20 fingerprint fee, plus an additional $100 administrative fee.

CLAIMS FOR RELIEF

30.

Moreover, as the direct, proximate, and foreseeable result of the Ordinance and Defendant's actions, Plaintiffs have been damaged and the continuation of their business is being called into question.

31.

Plaintiffs' desire to continue operating their business, and are unsure of their legal rights with respect to the Ordinance.   As such, Plaintiffs seek declaratory relief.

32.

Plaintiffs seek the following relief pursuant to 42 U.S.C. § 1983, and the United States and Georgia Constitutions:

<u>COUNT I: THE ORDINANCE AND APPLICATION ARE</u>
<u>UNCONSTITUTIONAL</u>

33.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs, facts, and allegations set forth herein.

34.

The Ordinance itself specifies it applies to gymnasiums, health clubs, aerobics clubs and slimnastics.

35.

Under the principal of *expressio unius est exclusio alterius,* the Ordinance's application to gymnasium, health club, aerobics club or slimnastics is exhaustive, and does not apply to other categories.

36.

The words "gymnasium", "health club," "aerobics club" or "slimnastics club" are not defined in the Ordinance.

37.

According to Merriam-Websters, the ordinary dictionary definition of the word "gymnasium" is ": a large room used for various indoor sports (as basketball or boxing) and usually equipped with gymnastic apparatus" and "b: a building (as on a college campus) containing space and equipment for various indoor sports activities and usually including spectator accommodations, locker and shower

rooms, offices, classrooms, and a swimming pool". Merriam-Webster.com, http://www.merriam-webster.com/dictionary/gymnasium (January 7, 2016).

38.

Merriam-Websters further defines "health club" as ":  a usually commercial establishment having members who pay a fee to use its health and fitness facilities and equipment. Merriam-Webster.com, http://www.merriam-webster.com/dictionary/health%club (January 7, 2016).

39.

The Ordinance fails to sufficiently provide individuals with notice as to which conduct or activities require a license.

40.

Likewise, the Ordinance does not specify the criterion or requirements for the application necessary to obtain a gymnasium, health club, aerobics club or slimnastics club license.

41.

Moreover, the Ordinance impermissibly delegates basic policy matters to inspectors for resolution on an *ad hoc* and subjective basis.

42.

The Ordinance and Application are both Unconstitutionally overbroad, impermissibly vague, and improperly delegate discretion to the City's agents in

violation of the due process protection of the United States Constitution and Georgia Constitution.

## COUNT II – NON-DELEGATION DOCTRINE AND *ULTRA VIRES*

43.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs, facts, and allegations set forth herein.

44.

Article I, Section II, Paragraph I of the Georgia Constitution provides that "[p]ublic officers are the trustees and servants of the people and are at all times amenable to them."

45.

Article I, Section II, Paragraph II of the Georgia Constitution provides that "[t]he people of this state have the inherent right of regulating their internal government. Government is instituted for the protection, security, and benefit of the people; and at all times they have the right to alter or reform the same whenever the public good may require it."

46.

Article III, Section I, Paragraph I of the Georgia Constitution provides that "[t]he legislative power of the state shall be vested in a General Assembly which

shall consist of a Senate and a House of Representatives."

47.

Section 1-103 of the Charter of the City of Atlanta states that "[a]ll legislative powers of the city are hereby vested in the council."

48.

The Ordinance does not provide any guidance, requirements, or delineation of what is required for the application necessary to obtain a gymnasium, health club, aerobics club or slimnastics license, nor does it provide any guidance as to what constitutes a gymnasium, health club, aerobics club or slimnastic club. The Ordinance is entirely silent in both regards.

49.

The Ordinance does not provide any authority for the City's agents to interpret the Ordinance or promulgate requirements for the Application, yet the City's agents have done this.

50.

Aside from requiring the payment of a $500 fee, the Ordinance does not require any other conditions to be met. Despite this, the City's agents require a plethora of information, such as fingerprints, passport photographs, and a GBI background check, prior to issuing a license.

51.

Either the Ordinance amounts to either an unconstitutional delegation of governmental power, or alternatively, a situation where the City's agents are acting *ultra vires* and without authority.

COUNT III – DUE PROCESS

52.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs, facts, and allegations set forth herein.

53.

Article I, Section I, Paragraph I of the Georgia Constitution provides that "[n]o person shall be deprived of life, liberty, or property except by due process of law." Such protections are also recognized by the United States Constitution. Among the liberties secured by this provision is the right to earn an honest living in the occupation of one's choice, free from unreasonable government regulation.

54.

Plaintiffs have peacefully conducted their business for over 11 years, and won numerous local, national, and international awards.

55.

The City has arbitrarily determined that Plaintiffs' operation constitutes a gym and requires a license, and unreasonably and arbitrarily restrict Plaintiffs'

ability to pursue their chosen occupation.

56.

Likewise, to comply with the Ordinance and to obtain a gym license, the City's agents have arbitrarily decided that a wide range of invasive and private information is required as part of the Application.

57.

The City and its agent's actions exceed any legitimate and rational public health and safety concerns.

58.

The City and its agent's actions are arbitrary, capricious, irrational, and violate Plaintiff's substantive due process rights protected by the United States Constitution and Georgia Constitution.

## COUNT IV - CLAIM FOR EXPENSES OF LITIGATION AND ATTORNEYS' FEES

59.

Plaintiffs incorporate herein by reference all Paragraphs referenced above as if fully set forth herein.

60.

Defendant has acted in bad faith and has been and continues to be stubbornly litigious, knowingly forcing Plaintiffs to incur expenses, including attorneys' fees, associated with this lawsuit.

61.

Defendant has been stubbornly litigious, caused Plaintiffs unnecessary trouble and expense, and has acted in bad faith so as to entitle Plaintiffs to further recover from Defendant all of Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to O.C.G.A. § 13-6-11.

62.

Moreover, Plaintiffs are entitled to recover from Defendant all of Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988.

63.

For this reason, Plaintiffs are entitled to payment from Defendant all expenses incurred in this litigation, including attorneys' fees, in an amount which will be proven at the trial of this matter.

WHEREFORE,  Plaintiffs prays that this Court grant the following relief:

(1)   Enter a preliminary and permanent injunction preventing enforcement of the Ordinance;

(2)   Enter a declaratory judgment finding the Ordinance and its enforcement in violation of the Georgia Constitution;

(3)   Enter a declaratory judgment finding the Ordinance and its

enforcement in violation of the Georgia Constitution;

(4)     Award Plaintiffs actual, nominal, and compensatory damages;

(5)     Award Plaintiff costs, attorneys' fees and expenses incurred in the

action; and,

(6)     Provide for any other relief that is just and proper.


This   5th   day of February, 2016.


                                              /s/ Yasha Heidari
                                              Yasha Heidari
                                              Georgia Bar No. 110325
                                              Yenniffer S. Delgado
                                              Georgia Bar No. 623452
                                              Attorneys for Plaintiffs

Heidari Power Law Group LLC
1072 W Peachtree St # 79217
Atlanta, Georgia 30357
tel: 404-939-2742
fax: 404-601-7852